DOUGLAS C. SMITH, #10805
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121
Telephone: 801.562.5555
Facsimile: 801.562.5510
Douglas.Smith@lewisbrisbois.com

*Attorneys for Plaintiff*

---

## IN THE UNITED STATES DISTRICT COURT IN AND FOR

## THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| CURE MEDICAL LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LIGER MEDICAL LLC, a Utah limited liability company,<br>Defendants. | **COMPLAINT FOR DAMAGES AND INJUNCTION FOR FEDERAL TRADEMARK INFRINGEMENT) [15 U.S.C. §1114], FEDERAL UNFAIR COMPETITION-FALSE DESIGNATIONS OF ORIGIN, FALSE DESCRIPTIONS AND REPRESENTATIONS [15 U.S.C. § 1125(A)], COMMON LAW TRADEMARK INFRINGEMENT AND CYBERSQUATTING UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT [15 U.S.C. § 1125(D)]**<br><br>**JURY TRIAL DEMANDED**<br><br><br>Case No. 2:20-cv-00859-TS<br><br><br>Judge Ted Stewart |

---

Plaintiff Cure Medical LLC ("Plaintiff") complaining of Liger Medical LLC ("Defendant")

alleges the following:

may, with knowledge and confidence, purchase and use goods and services bearing the CURE MEDICAL trademark. As a result, the goods and services offered under the CURE MEDICAL trademark are well-known, and the CURE MEDICAL trademark has come to be and is recognized by the public as indicating that the goods and services bearing the CURE MEDICAL trademark originate with Plaintiff.

34.    By reason of their high quality and as a result of Plaintiff's continued and extensive sales, advertising and promotion, the goods and services offered under the CURE MEDICAL trademark enjoy an excellent reputation among the public. The Cure Registrations, and all associated goodwill that have accrued to the CURE MEDICAL trademark, are of great value to Plaintiff in the conduct of its business.

35.    Defendant, with full knowledge of the distinctiveness and public recognition of the CURE MEDICAL trademark, has and is promoting and offering goods and services to the public under the mark CURE MEDICAL, and such goods and services are related to and/or confusingly similar to Plaintiff's goods and services. Plaintiff has never authorized or consented in any way to the use of its trademarks for any of Defendant's goods or services, nor has Plaintiff granted any license to Defendant allowing such use.

36.    Defendant's conduct is intentionally fraudulent, malicious, willful and wanton.

37.    Defendant's conduct is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation, and will continue both to damage Plaintiff and to deceive the public unless preliminarily and permanently enjoined by this Court. Plaintiff has no adequate remedy at law.

**A.     NATURE OF THE ACTION**

1.      This is an action for infringement of Plaintiff's trademark rights and related unfair competition claims against Defendant. Specifically, Defendant has adopted a trade name and mark that is confusingly similar to Plaintiff's well-known and registered CURE MEDICAL trademarks.

2.      Defendant has used and uses its infringing mark and trade name to offer products and services that compete or overlap with the services offered by Plaintiff. Such use is likely to lead to confusion in the marketplace and unlawfully trades off Plaintiff's goodwill and reputation. Defendant's acts amount to trademark infringement and unfair competition and Plaintiff seeks injunctive relief, damages, treble damages, and its attorney's fees and costs, as well as other relief authorized under federal and state law.

**B.     JURISDICTION AND VENUE**

3.      Plaintiff's claims arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. §§ 1114(1), 1119, and 1125(a) and common law.

4.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has subject matter jurisdiction over Plaintiff's related statutory claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

6.      This Court has personal jurisdiction over Defendant because it is incorporated in Utah.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that Defendant is subject to personal jurisdiction in the District of Utah.

## C.     THE PARTIES

8.      Plaintiff is a California limited liability company with a head office at 3471 Via
Lido, Suite 211, Newport Beach, CA 92663.

9.      Defendant is a Utah corporation with a head office at 3300 N. Running Creek Way,
Suite G-20, Lehi, UT 84043 and an address for services at 1316 E. Autumn Ridge Dr., Lehi, UT
84043.

## D.     PLAINTIFF AND ITS TRADEMARK RIGHTS

10.     Plaintiff is in the business of developing and selling "Medical products in the nature
of disposable and non-disposable medical supplies and medical devices, namely, sterile urinary
catheters, self-contained urinary catheters, external catheters, foley catheters, ostomy products,
namely, colostomy pouches, ileostomy pouches and urostomy pouches; post-operative pressure
garments, namely, underpants" as recited in Plaintiff's U.S. Trademark Registration No. 3110063
and "Catheters and parts and fittings therefor; Disposable medical sterilization pouches; Medical
and surgical catheters; Medical devices for placing and securing catheters; Medical devices used
in colostomy procedures to collect waste materials; Medical products in the nature of disposable
and non-disposable medical supplies and medical devices, namely, sterile urinary catheters, self-
contained urinary catheters, external catheters, foley catheters, and ostomy products, namely,
colostomy pouches, ileostomy pouches, and urostomy pouches; Post-operative pressure garments;
Tubing for use with catheters," as recited in Plaintiff's U.S. Trademark Registration No. 4950151
(together, the "Cure Registrations"). A true and correct copy of the Cure Registrations are attached
as Exhibits A and B to this Complaint.

3

11.     Since at least August 2005, Plaintiff has marketed goods and services under its

CURE MEDICAL trademark, as reflected in the Cure Registrations.

12.     Plaintiff uses its CURE MEDICAL trademark in various forms.

13.     Plaintiff  also uses and has registered its logo



as U.S. Trademark Registration No. 5503020 for "Catheters and parts and fittings therefor;

Disposable medical sterilization pouches; Medical and surgical catheters; Medical devices for

placing and securing catheters; Medical devices used in colostomy procedures to collect waste

materials; Medical products in the nature of disposable and non-disposable medical supplies and

medical devices, namely, sterile urinary catheters, self-contained urinary catheters, external

catheters, foley catheters, and ostomy products, namely, colostomy pouches, ileostomy pouches,

and urostomy pouches; Post-operative pressure garments; Tubing for use with catheters" and its

logo



as U.S. Trademark Registration No. 4595992 for Catheters; Catheters and parts and fittings therefor; Disposable medical sterilization pouches; Medical devices for placing and securing catheters; Tubing for use with catheters" (together, the "Cure Logo Registrations").

14.     Plaintiff's markets for its CURE MEDICAL brand goods and services are health care providers, individuals and care givers, all dedicated to women's and men's healthcare using medical devices.

15.     Since adopting the CURE MEDICAL trademark, Plaintiff has expended significant resources in the development of its business, goodwill and the reputation associated with this trademark, including spending significant sums on advertising and promotional activities and investing substantial resources in protecting and enforcing its trademark rights in this trademark.

16.     Plaintiff owns the exclusive rights to use the trademark CURE MEDICAL® in connection with medical products for women and men in the nature of disposable and non-disposable medical supplies and medical devices, namely, sterile urinary catheters, self-contained urinary catheters, external catheters, foley catheters, ostomy products, namely, colostomy pouches, ileostomy pouches and urostomy pouches; post-operative pressure garments, namely, underpants;

5

catheters and parts and fittings therefor; disposable medical sterilization pouches; medical and surgical catheters; medical devices for placing and securing catheters; medical devices used in colostomy procedures to collect waste materials; medical products in the nature of disposable and non-disposable medical supplies and medical devices, namely, sterile urinary catheters, self-contained urinary catheters, external catheters, foley catheters, and ostomy products, namely, colostomy pouches, ileostomy pouches, and urostomy pouches; post-operative pressure garments; tubing for use with catheters, throughout the United States as evidenced by the Cure Registrations.

17.     The Cure Registrations for CURE MEDICAL are prima facie evidence of Plaintiff's exclusive right to use its registered mark in commerce.

18.     The Cure Registrations are incontestable.

19.     Plaintiff also enjoys common law rights in its CURE MEDICAL and CURE trademarks by virtue of its use of these trademarks in interstate and international commerce with a variety of goods and services in the medical device field. Plaintiff's CURE MEDICAL trademark is valid, subsisting, distinctive and exclusively owned by Plaintiff.

20.     As a result of Plaintiff's extensive promotional efforts and long use of its trademark, CURE MEDICAL has become uniquely identified with Plaintiff in the minds of consumers and has come to signify the high quality of goods and services offered by Plaintiff. Accordingly, Plaintiff has acquired invaluable goodwill in its CURE MEDICAL trademark and this trademark has become well-known and recognizable to the public.

**E.**      D<small>EFENDANT'S</small> I<small>NFRINGING</small> A<small>CTIVITIES AND</small> A<small>CTS OF</small> U<small>NFAIR</small> C<small>OMPETITION</small>

21.      Despite Plaintiff's prior rights in and to the CURE MEDICAL trademark, on information and belief, Defendant commenced business using the name and identical mark CURE MEDICAL long after Plaintiff acquired exclusive rights in the CURE MEDICAL trademark.

22.      Defendant is in the business of "medical devices for women's healthcare," as recited in Defendant's website at www.curemedicalglobal.com.

23.      Like Plaintiff's CURE MEDICAL branded offerings, on information and belief, Defendant's products and services, among other things, are used for advertising, marketing and promotion services in the field of women's healthcare to the same kinds of customers as Plaintiff: health care providers, individuals and care givers, all dedicated to women's and men's healthcare using medical devices.

24.      Defendant offers or has offered, and promotes or has promoted, its products and services under the CURE MEDICAL mark throughout the United States, and through websites including one at curemedicalglobal.com.

25.      Because Defendant adopted the identical CURE MEDICAL mark, and because Defendant's offerings are related to and/or overlap with those offered by Plaintiff under its CURE MEDICAL and CURE trademarks, prospective purchases and others are likely to be confused as to whether the products or services offered under Defendant's mark emanate from or are in some way affiliated with, sponsored, or approved by Plaintiff.

26.      Defendant registered and began using the domain name curemedicalglobal.com (the CMG domain) in February 2017, long after and with knowledge of Plaintiff's CURE MEDICAL trademark.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement) [15 U.S.C. §1114]

27.     Plaintiff incorporates all prior allegations as if set forth fully herein.

28.     This is a claim for infringement of the federally registered CURE MEDICAL trademark, arising under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

29.     Plaintiff is the exclusive owner of a federally registered trademark for the CURE MEDICAL trademark and, accordingly, has express authority to act to prevent actual or threatened infringement of its trademark.

30.     Plaintiff has given notice to the public of its CURE MEDICAL trademark registration under 15 U.S.C. § 1111. Such registration is incontestable and in full force and effect.

31.     Continually, for a long time prior to the acts of the Defendant complained of herein, Plaintiff has offered its goods and services under the well-known CURE MEDICAL trademark. These goods and services have been and are now extensively advertised throughout the United States.

32.     Continually, for a long time prior to the acts of the Defendant complained of herein, Plaintiff has been and is now marketing and offering its goods and services bearing the CURE MEDICAL trademark in interstate commerce. Through Plaintiff's extensive offering of its goods and services, the public has come to recognize Plaintiff's goods and services as being of excellent quality and reputation.

33.     Plaintiff's advertising and promotional activities involving goods and services offered under the CURE MEDICAL trademark have been continuous and have been for acquainting the public with the excellent quality of Plaintiff's goods and services so that consumers

may, with knowledge and confidence, purchase and use goods and services bearing the CURE MEDICAL trademark. As a result, the goods and services offered under the CURE MEDICAL trademark are well-known, and the CURE MEDICAL trademark has come to be and is recognized by the public as indicating that the goods and services bearing the CURE MEDICAL trademark originate with Plaintiff.

34.     By reason of their high quality and as a result of Plaintiff's continued and extensive sales, advertising and promotion, the goods and services offered under the CURE MEDICAL trademark enjoy an excellent reputation among the public. The Cure Registrations, and all associated goodwill that have accrued to the CURE MEDICAL trademark, are of great value to Plaintiff in the conduct of its business.

35.     Defendant, with full knowledge of the distinctiveness and public recognition of the CURE MEDICAL trademark, has and is promoting and offering goods and services to the public under the mark CURE MEDICAL, and such goods and services are related to and/or confusingly similar to Plaintiff's goods and services. Plaintiff has never authorized or consented in any way to the use of its trademarks for any of Defendant's goods or services, nor has Plaintiff granted any license to Defendant allowing such use.

36.     Defendant's conduct is intentionally fraudulent, malicious, willful and wanton.

37.     Defendant's conduct is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation, and will continue both to damage Plaintiff and to deceive the public unless preliminarily and permanently enjoined by this Court. Plaintiff has no adequate remedy at law.

38.     Defendant's use of CURE MEDICAL in connection with its goods and services infringes Plaintiff's exclusive rights in its federally registered trademark, is likely to cause, and has caused, confusion, mistake or deception, and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**SECOND CLAIM FOR RELIEF**
**(Federal Unfair Competition-False Designations of Origin,**
**False Descriptions and Representations)**
**[15 U.S.C. § 1125(a)]**

39.     Plaintiff incorporates all prior allegations as if set forth fully herein.

40.     Plaintiff's use and ownership of the CURE MEDICAL trademark predates any use of the CURE MEDICAL mark or trade name by Defendant.

41.     Defendant's use of "CURE MEDICAL" is identical to the CURE MEDICAL trademark owned by Plaintiff and as such, is confusing and misleading to the purchasing public.

42.     The unauthorized use of Plaintiff's CURE MEDICAL trademark in connection with the goods and services offered by Defendant constitutes a false designation of origin and false description or representation that wrongly and falsely designates the services offered by Defendant as originating from, connected with, sponsored or authorized by Plaintiff.

43.     Defendant's acts as described in this Complaint constitute a false designation of origin and false description within the meaning of 15 U.S.C. § 1125(a). Plaintiff has been damaged and will continue to be damaged by Defendant's acts.

44.     Plaintiff is without an adequate remedy at law and is entitled to a permanent injunctive relief.

## THIRD CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

45.  Plaintiff incorporates all prior allegations as if set forth fully herein.

46.  Defendant's conduct as described above constitutes trademark infringement and passing off in violation of the common laws.

47.  Defendant's conduct as described above has caused and will continue to cause irreparable injury to Plaintiff, and unless said acts are restrained by this Court, such conduct will be continued and Plaintiff will continue to suffer irreparable injury.

48.  Plaintiff has no adequate remedy at law.

49.  Defendant's conduct described above has harmed Plaintiff's reputation and has caused damages to the Plaintiff in an amount to be determined.

50.  Defendant's conduct described above has unlawfully enriched and benefited Plaintiff in an amount to be determined.

## FOURTH CLAIM FOR RELIEF
### (Cybersquatting under the Anti-Cybersquatting Consumer Protection Act)

### [15 U.S.C. § 1125(d)]

51.  Plaintiff incorporates all prior allegations as if set forth fully herein.

52.  Plaintiff's CURE MEDICAL trademark was distinctive at the time Defendant registered the CMG domain and remains distinctive today.

53.  The CMG domain is confusingly similar to Plaintiff's CURE MEDICAL trademark.

54.     Defendant registered, trafficked in, and/or used the CMG domain with bad faith with intent to profit from Plaintiff's CURE MEDICAL trademark.

55.     As a result of its wrongful conduct, Defendant is liable to Plaintiff for violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully asks that this Court:

56.     Grant a preliminary and permanent injunction enjoining and restraining Defendant, including its officers, directors, employees, agents, servants, successors and assigns, as well as all those in active concert and participation with it, from:

a)  substantially imitating, copying, counterfeiting, or making unauthorized use of the CURE MEDICAL trademark, including but not limited to use of the mark CURE MEDICAL;

b)  using any false description or designation of origin or representation (including, without limitation, any letters, words, symbols, or other text) which can, or is likely to lead the trade or public, or individual members thereof, to believe that any good or service advertised or offered by Defendant is in any manner associated or connected with Plaintiff or is associated, licensed, sponsored, or approved by Plaintiff;

c)  engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of Plaintiff's name and the CURE MEDICAL trademark;

12

d) engaging in any other activity constituting an infringement of the CURE MEDICAL trademarks or Plaintiff's rights in or right to exploit the same;

e) engaging in further acts of unfair competition arising from the Defendant's unlawful and improper adoption and use of CURE MEDICAL marks;

f) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records that contain any information relating to the importing, manufacturing, producing, acquiring, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of unauthorized products or services that infringe the CURE MEDICAL trademarks;

g) causing an infringement of any of Plaintiff's CURE MEDICAL trademark or of Plaintiff's rights to use or to exploit this trademark, or causing any dilution of Plaintiff's name, reputation or goodwill; and

h) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g), above.

57. Enter a preliminary and permanent injunction giving Plaintiff control over the CMG domain and enjoining Defendant from using such instrumentality.

58. Enter an order:

a) Finding that the Defendant has infringed the CURE MEDICAL trademark by the acts complained of herein;

b) Finding that the Defendant has unfairly competed with Plaintiff by the acts complained of herein;

13

c)  Directing that all infringing and misleading materials in Defendant's possession, including but not limited to all signage, labels, mailings, circulars and advertisements, be delivered to an officer of the Court to be destroyed pursuant to 15 U.S.C. § 1118;

d)  Requiring that the Defendant, within thirty days after service of notice of the entry of judgment, or an injunction pursuant thereto, file with the Court and serve on Plaintiff's counsel a written report under oath setting forth in detail the manner in which the Defendant has complied with the Court's order;

e)  Awarding Plaintiff damages for the harm caused to its reputation and goodwill, and for Defendant's profits gained as a result of Defendant's wrongful actions, in an amount to be determined at trial;

f)  Awarding Plaintiff the costs of this action and reasonable attorneys' fees and investigators' fees in accordance with 15 U.S.C. § 1117;

g)  Awarding to Plaintiff such other and further relief as this Court may deem just and proper, together with the costs and disbursements that Plaintiff incurred in connection with this action.

DATED:  December 7, 2020                LEWIS BRISBOIS BISGAARD & SMITH LLP



                                        By:  /s/ Douglas C. Smith
                                             Douglas C. Smith
                                             *Attorney for Plaintiff*

14

# EXHIBIT
## 'C''

Int. Cl.: 10

Prior U.S. Cls.: 26, 39, and 44

**Reg. No. 3,110,063**

## United States Patent and Trademark Office

Registered June 27, 2006

### TRADEMARK
### PRINCIPAL REGISTER

# CURE MEDICAL

YANT, ROBERT (UNITED STATES INDIVI-
  DUAL)
2113 SEVILLE AVENUE
NEWPORT BEACH, CA 92661

FOR: MEDICAL PRODUCTS IN THE NATURE
OF DISPOSABLE AND NON-DISPOSABLE MEDI-
CAL SUPPLIES AND MEDICAL DEVICES, NAME-
LY, STERILE URINARY CATHETERS, SELF-
CONTAINED URINARY CATHETERS, EXTERNAL
CATHETERS, FOLEY CATHETERS, OSTOMY PRO-
DUCTS, NAMELY, COLOSTOMY POUCHES,
ILEOSTOMY POUCHES AND UROSTOMY POU-
CHES; POST-OPERATIVE PRESSURE GARMENTS,
NAMELY, UNDERPANTS, IN CLASS 10 (U.S. CLS.
26, 39 AND 44).

FIRST USE 8-1-2005; IN COMMERCE 8-1-2005.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "MEDICAL", APART FROM THE
MARK AS SHOWN.

SN 78-348,043, FILED 1-6-2004.

DAVID TAYLOR, EXAMINING ATTORNEY

# EXHIBIT 'D'"

# United States of America

## United States Patent and Trademark Office

# CURE MEDICAL

**Reg. No. 4,950,151**

**Registered May 3, 2016**

**Int. Cl.: 10**

**TRADEMARK**

**PRINCIPAL REGISTER**

CURE MEDICAL LLC (CALIFORNIA LIMITED LIABILITY COMPANY)
3700 NEWPORT BLVD., SUITE 301
NEWPORT BEACH, CA 92263

FOR: CATHETERS AND PARTS AND FITTINGS THEREFOR; DISPOSABLE MEDICAL STERILIZATION POUCHES; MEDICAL AND SURGICAL CATHETERS; MEDICAL DEVICES FOR PLACING AND SECURING CATHETERS; MEDICAL DEVICES USED IN COLOSTOMY PROCEDURES TO COLLECT WASTE MATERIALS; MEDICAL PRODUCTS IN THE NATURE OF DISPOSABLE AND NON-DISPOSABLE MEDICAL SUPPLIES AND MEDICAL DEVICES, NAMELY, STERILE URINARY CATHETERS, SELF-CONTAINED URINARY CATHETERS, EXTERNAL CATHETERS, FOLEY CATHETERS, AND OSTOMY PRODUCTS, NAMELY, COLOSTOMY POUCHES, ILEOSTOMY POUCHES, AND UROSTOMY POUCHES; POST-OPERATIVE PRESSURE GARMENTS; TUBING FOR USE WITH CATHETERS, IN CLASS 10 (U.S. CLS. 26, 39 AND 44).

FIRST USE 1-28-2008; IN COMMERCE 1-28-2008.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 4,595,992.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MEDICAL", APART FROM THE MARK AS SHOWN.

SER. NO. 86-715,700, FILED 8-5-2015.

JOHN WILKE, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office